UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                            Case No:   2:14-cv-439-FtM-38DNF

RIST PROPERTIES, LLC, d/b/a
RAMADA INN OF NAPLES,

    Defendant.
_____/

## ORDER[1]

This matter is before the Court on Plaintiff Howard Cohan's Motion for Entry of Final Default Judgment Against Defendant Rist Properties, LLC (Doc. #13) filed on December 18, 2014.  Defendant Rist Properties, LLC d/b/a Ramada Inn of Naples has not filed a response, and the time to do so has expired.  The motion is now ripe for review.

## BACKGROUND

Plaintiff commenced this suit under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the 2010 Standards for Accessible Design ("2010 ADA Standards").  Defendant leases, operates, and owns the Ramada Inn of Naples located at 1100 Tamiami Trial East, Naples, Florida 34113 (the "Hotel").  (Doc. #1 at ¶¶ 4, 6).

Plaintiff suffers spinal stenosis.  (Id. ¶ 6).  He visited the Hotel on October 30, 2013, and March 12, 2014, but the property lacked a lift to access the swimming pool.  (Id. at ¶¶ 6, 18).  Plaintiff, therefore, commenced this action for disability discrimination on August 7, 2014.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Id. at ¶ 18). Plaintiff argues that Defendant did not have the proper accommodation and he was denied full and equal access and enjoyment of the Hotel's facilities, services, goods, and amenities. (Id. at ¶ 6). He seeks to enjoin Defendant from discriminating against individuals with disabilities and award him attorney's fees, expenses, and costs incurred in bringing this action.[2]

On August 22, 2014, Plaintiff served the Summons and Complaint on an employee of Defendant's Registered Agent at 2525 Ponce De Leon Boulevard, Suite 1225, Coral Gables, Florida 33134. (Doc. #8); see also Fed. R. Civ. P. 4(h)(1)(A), (e)(1); Fla. Stat. § 48.062. When Defendant failed to answer or otherwise defend this action within twenty-one days, Plaintiff moved for a clerk's default. (Doc. #9). The Court granted the motion (Doc. #10), and the Clerk issued an Entry of Default on October 9, 2014 (Doc. #11). Plaintiff, as required, has now moved for final default judgment.

## **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant. See Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent. See Fed. R. Civ. P. 55(b)(2); see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc. 803 F.2d 1130, 1134 (11th

---

[2] Although not relevant to the instant case, it is worth noting that Plaintiff is a familiar figure in these types of actions. "Serial plaintiffs" or "testers," such as Plaintiff, have caused a surge of ADA Title III litigation in the Middle District of Florida and nationwide. See Rodriguez v. Investco, LLC, 305 F. Supp. 2d 1278, 1281 (M.D. Fla. 2004). The attorney's fee provision in Title III – by either design or accident – has incentivized this litigation with questionable tangible benefits. See 42 U.S.C. § 12205; Rodriguez, 305 F. Supp. 2d at 1281 (The current ADA lawsuit binge is, therefore, essentially driven by economics – that is, the economics of attorney's fees." (citation omitted)); Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004) ("[T]he means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals). . . . . This is particularly the case in the Middle District of Florida where the same plaintiffs file hundreds of lawsuits against establishments they purportedly visit regularly. This type of shotgun litigation undermines both the spirit and purpose of the ADA.").

Cir. 1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue").

An entry of a clerk's default, however, does not *per se* warrant an entry of default judgment. Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007); Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." (citations omitted)).[3] "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A] default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206. In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" relief. See PNC Bank, N.A. v. Starlight Props. & Holdings, LLC, No. 6:13-cv-408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (citation omitted).

With these principles in mind, the Court will address Plaintiff's Motion for Final Default Judgment.

## **DISCUSSION**

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1208 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit issued before the close of business on September 30, 1981.

Title III of the ADA provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under the statute, a plaintiff "generally has the burden of proving: (1) that [he] is an individual with a disability, (2) that defendant is a place of public accommodation, (3) that defendant denied his full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of his disability." Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (citation omitted).

Taking all the well-pleaded factual allegations of the Complaint as admitted, Plaintiff has not alleged a valid cause of action that Defendant violated the ADA. As stated, Plaintiff claims that Defendant's failure to provide accessible means of entry into the swimming pool via a lift violated the ADA. (Doc. #1 at ¶ 18). The relevant ADA standard, however, does not explicitly require a lift in swimming pools. See 36 C.F.R. § 1191 app. B § 242.2. Instead, all that is required is that pools have "[a]t least two accessible means of entry[,]" and a lift is one of several permissible accessible means of entry. Id. (identifying swimming pool lifts, sloped entries, transfer walls, transfer systems, and pool stairs as "accessible means of entry"). Quite ironically, the Court need look no further than Plaintiff's own prior litigation to determine that his claim fails. See e.g. Cohan v. Marco Island Marina Ass'n, Inc., No. 2:14-cv-337, 2014 WL 4854248, at *4-5 (M.D. Fla. Sept. 29, 2014) (granting defendant's motion to dismiss because, in part, Cohan's single allegation that defendant did not have a pool lift did not itself state an ADA violation); Cohan v. Ocean Club at Deerfield Beach Condominium Ass'n, Inc., No. 14-60196-CIV, 2014 WL 1274128, at *2-3 (S.D. Fla. Mar. 27, 2014) (granting defendant's motion to dismiss because, in part, "Cohan's

4

allegation that [defendant's facility] lack[ed] pool lift(s), even taken as true, d[id] not state a violation of the applicable ADA standards"). Plaintiff, therefore, has failed to plead a sufficient factual basis to state a claim for a violation of the ADA.

In conclusion, although detailed factual allegations are neither necessary nor desirable, the Court must have a sufficient basis to conclude that Defendant is liable under the ADA. This is not the case here. The Court, therefore, denies Plaintiff's Motion for Entry of Final Default Judgment.

Accordingly, it is now **ORDERED**:

(1) Plaintiff Howard Cohan's Motion for Entry of Final Default Judgment Against Defendant Rist Properties, LLC ([Doc. #13](Doc. #13)) is **DENIED without prejudice**.

(2) Plaintiff shall advise the Court as to his intention for prosecuting this matter on or before **January 28, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record